IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JUN 21 2011
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.                                                                    Criminal Action No. 2:11cr33

MOHAMMAD SAAILI SHIBIN,
a/k/a "Kalif Ahmed Shibin,"
a/k/a "Shibin"

    Defendant.

## ORDER

This matter comes before the Court upon Defendant Mohammad Saaili Shibin's ("Defendant") Motion for Return of Seized Property. Defendant requests that $1,620.00 in United States currency, which was seized from Defendant at the time of his arrest, be returned to him. Defendant asserts that this money "was not obtained in connection with illegal activity, nor is it evidence in the case against him." Defendant's Motion is hereby **DENIED**.

Defendant is named in a three-count Indictment charging him with Piracy Under the Law of Nations, Conspiracy to Commit Kidnapping, and Use of a Firearm During and in Relation to a Crime of Violence. The charges against Defendant stem from the February 2011 seizure and piracy of the sailing vessel Quest, which resulted in the kidnapping and murder of four United States citizens. The Indictment alleges Defendant's role in the kidnapping to have included

internet research on the hostages to determine the amount of ransom to demand and the family members from whom to demand it. The Indictment further alleges that Defendant was "the person responsible for negotiating the return of the hostages."

The Government's Response to Defendant's Motion informs the Court that the hijacking of the Quest was not Defendant's first foray into illicit employ as a hostage negotiator. Rather, Defendant allegedly is experienced in this position, having acted as a ransom negotiator after the German vessel M/V Marida Margerite's capture in May 2010. The M/V Marida Margerite was released in December 2010. According to the Government, the Defendant told FBI agents he had received $30,000 as payment for his negotiation services. Upon his arrest, several bank deposit and withdrawal slips were seized along with the currency presently in dispute. The slips correspond to an account at a Somali bank held under the name "Shabiin," which the Government alleges to be an alias of Defendant's. According to the recovered slips, $37,000 was deposited into the account on January 8, 2011, and $1,700 on February 10, 2011. Money was withdrawn from the account on eighteen occasions between the dates of January 15, 2011, and March 1, 2011. A total of $16,904 was withdrawn in increments ranging from $100 to $2,000. The Government asserts that it anticipates filing additional charges against Defendant on the basis of evidence relating to the hijacking of the M/V Marida Margerite.

Defendant states plainly that the money "was not obtained in connection with illegal activity, nor is it evidence against him." Curiously, Defendant does not indicate how he came upon $1,620.00 in United States currency, an explanation which might have proven useful to the Court given that he was allegedly unemployed in 2010. Defendant's Motion does not adequately establish that he was in lawful possession of the money, and the Government states that it intends to use the currency as evidence relevant to its ongoing investigation. While the burden rests with

the Government to establish a "legitimate reason to retain [a defendant's] property," a defendant bears the initial burden of showing his lawful possession of same. See United States v. Mills, 991 F.2d 609, 612 (4th Cir. 1993); Fed. R. Crim. P. 41(e). Defendant has not met his burden, and as such, the Court **FINDS** that Defendant is not entitled to a return of the seized funds. Defendant's Motion is **DENIED**. The Clerk of Court is **DIRECTED** to send a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

Norfolk, Virginia
June 21, 2011