1

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
 2                      Norfolk Division

 3

 4    - - - - - - - - - - - - - - - - - - -
      UNITED STATES OF AMERICA,       )
 5                                     )
              Plaintiff,               )
 6                                     )        CRIMINAL CASE NO.
      v.                               )            2:11cr33
 7                                     )
      MOHAMMAD SAAILI SHIBIN,          )
 8    a/k/a "Khalif Ahmed Shibin,"     )
      a/k/a "Mohammad Ali,"            )
 9    a/k/a "Ali Jama,"                )
                                       )
10            Defendant.               )
      - - - - - - - - - - - - - - - - - - -
11

12

13                TRANSCRIPT OF PROCEEDINGS
                      (Rule 29 Motion)

14                   Norfolk, Virginia
                      April 26, 2012
15

16

       BEFORE:    THE HONORABLE ROBERT G. DOUMAR,
17                United States District Judge

18

19     APPEARANCES:

20              UNITED STATES ATTORNEY'S OFFICE
                By:  Joseph E. DePadilla, Esquire
21                   Benjamin L. Hatch, Esquire
                     Brian J. Samuels, Esquire
22                   Paul Casey, Esquire
                     Assistant United States Attorneys
23                   Counsel for the United States

24              ZOBY & BROCCOLETTI, P.C.
                By:  James O. Broccoletti, Esquire
25                   Counsel for the Defendant
```

Heidi L. Jeffreys, Official Court Reporter

```
 1                    *****      *****      *****
 2            THE COURT:  All right, Mr. Broccoletti, the ball is
 3     in your court.
 4            MR. BROCCOLETTI:  Judge, on behalf of the defendant
 5     we would move for judgment of acquittal with respect to
 6     the -- I'm sorry.
 7            (There was a pause in the proceedings.)
 8            MR. BROCCOLETTI:  -- move for judgment of acquittal
 9     with respect to the count charging the defendant with piracy
10     of the Marida Marguerite.  I'm not going to belabor the
11     issues.  The Court said before -- we had submitted numerous
12     briefs to the Court.  The Court withheld its motion -- or its
13     order in terms of our motion to dismiss this particular count
14     pending the evidence that was presented in the case.
15            The evidence that was presented clearly now
16     establishes that the defendant never went aboard the Marida
17     Marguerite while the boat was on the high seas.  There is no
18     evidence, either, that the defendant had conspired or entered
19     into any agreement with any other coconspirator to aid,
20     assist, abet the acts of piracy or to engage in the
21     negotiations for the boat, the Marida Marguerite, prior to
22     the time the attackers went to sea.
23            Therefore, there's no evidence, number one, that the
24     defendant entered into the conspiracy before the attackers
25     left and at the time the boat was seized.  Number two,
```

1  there's no evidence that the defendant was on the high seas

2  with the Marida Marguerite.  The only evidence before the

3  Court is that the defendant boarded the boat approximately

4  seven to ten days after the boat was within the territorial

5  waters of Somalia.

6         Therefore, pursuant to the motions that we had

7  earlier filed -- and, again, I'm not going to argue the same

8  things we've gone over.  The Court knows what the issues are.

9  Therefore, we would submit to the Court that the evidence is

10 insufficient under *United States v. Smith* and that piracy is

11 defined as robbery on the high seas.  The defendant never

12 having been on the high seas, the defendant never having been

13 a conspirator prior to the time the boat was seized,

14 therefore cannot be guilty of piracy under that particular

15 count.

16         I'll address them one at a time or --

17         THE COURT:  I think we better deal with them one at

18 a time.

19         MR. BROCCOLETTI:  Yes, sir.

20         THE COURT:  Otherwise, we'll be confused.

21         All right, Mr. Hatch.  Do you desire to argue?  I'm

22 more interested not in the questions that previously have

23 been decided; however, I want to deal with what

24 Mr. Broccoletti has now raised, and that is the question of

25 what evidence you feel would take this beyond the question so

1    that the jury can determine whether there's sufficient

2    evidence to go there.  So tell me about it.

3            MR. HATCH:  Yes, Your Honor.  Well, first of all, I

4    would disagree with Mr. Broccoletti that the evidence doesn't

5    permit a reasonable jury to infer that this defendant was

6    part of this conspiracy while the boat was being seized out

7    on the high seas.  The defendant's own statement was that

8    Farah -- which is, of course, another name for Hilaac -- who

9    seized that boat, as the evidence showed, was one of the

10   attack skiff members; that Farah/Hilaac called him to ask him

11   to be the negotiator for the seized ship.  So I think the

12   jury can reasonably infer he was part of that conspiracy once

13   they seized the ship.

14            Mr. Broccoletti is certainly free to argue that that

15   may not have happened until he came back, but the evidence is

16   there.  He came on board the ship shortly after it got to

17   Garaad, and the evidence also is that the defendant typically

18   resided in another part of Somalia, Galkayo, which is inland,

19   so it would make sense it would take him a couple of days to

20   get down to where the ship was.  So I think there is

21   sufficient evidence to show his involvement at an early

22   stage.

23            Alternatively, however, I think that isn't legally

24   necessary or significant in the case, because we have argued,

25   really, under either of the competing definitions of piracy

1    this would meet it.  Even under Mr. Broccoletti's narrow view

2    that it's only robbery at sea that certainly happened.

3              THE COURT:  Well, he evidently -- there's testimony

4    that he was wearing the shirt of one of the people, and,

5    secondly, that he stole the computer.

6              MR. HATCH:  Correct, and the --

7              THE COURT:  So that was -- there isn't any question

8    in my mind about the robbery, because all you have to do --

9    even for common law robbery that would apply.  However, he's

10   not charged with common law robbery, he's charged with

11   piracy.

12             The question necessarily is whether his actions

13   constituted piracy.  Primarily, his actual actions almost all

14   took place within Somalian waters, other than whether he was

15   part and parcel of a group sharing the proceeds.  The

16   question of being a partner and sharing proceeds makes every

17   partner responsible for the actions of every other partner in

18   furtherance of whatever the goal was.

19             Here the goal was to obtain ransom money -- or

20   money -- for the ships.  I don't think there's much question

21   that you know that I don't think you have to be on board the

22   ship to commit robbery at the time it's done, because you can

23   commit it through other folks both by virtue of the

24   conspiracy statutes as well as by virtue of the aiding and

25   abetting statutes, both Sections 1 and 2 of Title 18, Section

```
1    2.

2              So I don't have much problem with it except that

3    there may be some weak evidence, Mr. Hatch, about the piracy.

4              MR. HATCH:  Well, Your Honor, I would say that

5    the -- the only thing that -- you said robbery certainly

6    occurred here both by the defendant and by his

7    coconspirators.  The only other element that's necessary,

8    even under the restricted definition, which, of course, we

9    don't agree with -- the only other element that's necessary

10   is that the crime at some point be committed on the high

11   seas.  Clearly, here it was, and, as I think the Court

12   reasoned in the opinion it handed down the day before trial,

13   these are continuing offenses, and so once jurisdiction --

14             THE COURT:  I feel like they are continuing

15   offenses.

16             MR. HATCH:  -- once jurisdiction is attached the

17   defendant bears a responsibility for his participation in the

18   crime, at whatever point he joins it.

19             THE COURT:  Okay, Mr. Hatch.

20             MR. HATCH:  Thank you, Your Honor.

21             THE COURT:  The motion is overruled,

22   Mr. Broccoletti.  Let's don't waste time on that.

23             Let's go to the next motion.

24             MR. BROCCOLETTI:  Judge, I would -- we had

25   previously filed with the Court and the Court has ruled on
```

```
 1   all those other issues in terms of jurisdiction.  I'm not

 2   going to reargue those matters.  I just want to note for the

 3   record our continuing objection.

 4           THE COURT:  It's a continuing objection to that, and

 5   those motions will be considered as if being made presently.

 6           MR. BROCCOLETTI:  Yes, sir.

 7           THE COURT:  Okay?  So that way the legalities are

 8   taken care of for the record.

 9           MR. BROCCOLETTI:  Yes, sir.  We have no other

10   motions to make.

11           THE COURT:  Do you desire to argue, Mr. Hatch?

12           MR. HATCH:  Your Honor has already ruled on all of

13   the issues, so I have nothing further to say.

14           THE COURT:  Well, the same ruling would apply,

15   Mr. Hatch, okay?

16                   *****     *****     *****

17

18

19

20

21

22

23

24

25
```

```
 1                          CERTIFICATION

 2

 3         I certify that the foregoing is a correct excerpt

 4   from the record of proceedings in the above-entitled matter.

 5

 6                              s/s

 7                        Heidi L. Jeffreys

 8

 9                         May 9, 2012

10                             Date

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Heidi L. Jeffreys, Official Court Reporter